IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. ELENA POLUKHIN, <br> Reg. No. 18824-041 <br><br> Petitioner, <br><br> v. <br><br> WARDEN P. BRADLEY, et al., <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:18-CV-424-MHT-WC <br> )                            (WO) <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

This civil action is pending before the court on a 28 U.S.C. § 2241 application for habeas corpus relief filed by Dr. Elena Polukhin, a federal inmate currently incarcerated at the Aliceville Federal Correctional Institution in Aliceville, Alabama.[1] In this petition, Polukhin complains that federal officials at the Aliceville facility have refused to place her in a halfway house or grant her release to home confinement. Doc. 1 at 2–6. Although Polukhin alleges that the Aliceville Federal Correctional Institution is located in the jurisdiction of this court, this facility is actually located within the jurisdiction of the United States District Court for the Northern District of Alabama.

---

[1] Polukhin is incarcerated on an eighteen (18) month sentence imposed upon her by the United States District Court for the District of Minnesota arising from her guilty plea for an illegal remuneration in violation of 42 U.S.C. § 1320a-7(b)(1)(A) and aiding and abetting. Doc. 1 at 2. Polukhin's direct appeal of her sentence is pending before the United States Court of Appeals for the Eighth Circuit. Doc. 1 at 2. Polukin advises that the claims raised in the instant habeas petition are unrelated to the claims raised in her direct appeal.

Upon review of the petition, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[2]

## II. DISCUSSION

A district court has jurisdiction, pursuant to 28 U.S.C. § 2241, over a claim concerning the BOP's failure to award an inmate placement in a halfway house or transfer to home confinement because such a challenge is to the manner in which the sentence is being executed. *See, e.g., United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005). Polukhin must therefore satisfy the jurisdictional requirements of 28 U.S.C. § 2241. As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [her] in what is alleged to be unlawful custody."). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

---

[2]Polukhin did not submit the filing fee nor did she file an application for leave to proceed *in forma pauperis*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

2

> The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate custody*** of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden, supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439-440 (1867)).
>   In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement — "core challenges" — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).[3]

Based on the foregoing, this court lacks personal jurisdiction over the proper respondent – the warden of the Aliceville Federal Correctional Institution. However, the law provides that when a case is filed "laying venue in the wrong division or district" a district court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28

---

[3]Polukhin concedes "that a 2241 petition shall be filed in the district wherein the petitioner is currently incarcerated[,]" Doc. 1 at 1, but mistakenly believes the Aliceville Federal Correctional Institution is located in the jurisdiction of this court. As previously stated, the Aliceville facility is within the jurisdiction of the United States District Court for the Northern District of Alabama.

U.S.C. § 1631 (specifically granting federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").

The Aliceville Federal Correctional Institution is located in the jurisdiction of the United States District Court for the Northern District of Alabama. Under the circumstances of this case, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **May 4, 2018** the petitioner may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar Petitioner from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 20th day of April, 2018.

                                                /s/ Wallace Capel, Jr.
                              CHIEF UNITED STATES MAGISTRATE JUDGE